56

David B. STILL, Appellant,

v.

REGULUS GROUP LLC; Liberty Partners, LP; Liberty Capital Partners; Liberty Partners Holdings 12, L.L.C.; G. Michael Stakias; Peter E. Bennett; Carl Ring; Paul Huston; Lester E. Stockel, Jr.; Richard Long; Kathy Hamburger; Jeffrey Theisen.

Regulus Group LLC, Defendant/Third–Party Plaintiff,

v.

Cornerstone Capital Advisors, Inc., Third–Party Defendant.

David B. Still,

v.

Regulus Group LLC; Liberty Partners LP; Liberty Capital Partners, Inc; Liberty Partners Holdings 12, L.L.C.; G. Michael Stakias; Peter E. Bennett; Carl Ring; Paul Huston; Lester E. Stockel; Richard Long; Kathy Hamburger; Jeffrey Theisen,

v.

Cornerstone Capital Advisors, Inc., Third Party/Defendant.

Regulus Group, LLC, Appellant.

Nos. 04–1196, 04–1292.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 18, 2005.

Decided Feb. 15, 2005.

Carl H. Hanzelik, Dilworth Paxson, Philadelphia, PA, for Appellant.

Edward F. Mannino, James L. Griffith, Jr., Katherine Menapace, Akin, Gump, Strauss, Hauer & Feld, Philadelphia, PA, for Appellees.

Before ALITO, McKEE, and SMITH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Because we write solely for the parties, we do not set forth the facts of this case. David B. Still appeals a final judgment and several interlocutory orders of the District Court. He asserts that the Court erred by (1) denying his motion for a new trial on one of his claims, (2) denying his motion for judgment as a matter of law on the same claim, (3) awarding judgment as a matter of law to defendant Regulus Group LLC ("Regulus") on another claim, and (4) denying one of his discovery motions. For the reasons that follow, we affirm.[1]

I.

We exercise plenary review over an award of judgment as a matter of law. *See Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1293 (3d Cir.1997). Plenary review also extends to any legal conclusion underlying the District Court's decision to grant a motion for reconsideration, though the decision itself lies within the sound discretion of the Court. *See Le v. Univ. of Pa.,* 321 F.3d 403, 405–06 (3d Cir.2003). We review for abuse of discretion both the denial of a motion for a new trial and the denial of a motion for leave to amend a complaint. *See Brennan v. Norton,* 350 F.3d 399, 430 (3d Cir.2003); *Douglas v. Owens,* 50 F.3d 1226, 1235 (3d Cir.1995).

II.

■ Still argues that no amendment to his pleading was necessary because his complaint already stated a sufficient claim for relief under Pennsylvania's Uniform Commercial Code (the "UCC"). To meet

---

1. Because we conclude that Still's motion for a new trial was properly denied, we need not address Regulus's "conditional cross-appeal" challenging the District Court's denial of its motion for judgment as a matter of law. *See* *United States v. Am. Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924) ("[T]he appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record...").

Rule 8(a)'s liberal pleading requirements, a complaint need only contain a "short and plain statement of the claim" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). According to Still, Count XX of his Second Amended Complaint sufficiently pled a claim under the UCC by alleging that "(1) Regulus had taken Still's shares, (2) the value of the shares exceeded his debt to Regulus by millions of dollars, and (3) the relief demanded was the value of his shares." Still's Reply Br. at 10. Count XXII "made similar allegations." *Id.*

Still's own paraphrase of the pleading reveals its deficiencies. His allegations do not state a claim under the UCC because the UCC permits a secured creditor to seize collateral even when its value exceeds the debtor's obligation. *See* 13 Pa. Cons.Stat. Ann. §§ 9503(a), 9504(a)-(b) (West 2001). What the UCC does not permit is the commercially unreasonable disposition of collateral, *see id.* § 9504(c), but Counts XX and XXII nowhere allege that Regulus disposed of his shares in a commercially unreasonable manner. Furthermore, an accounting under the UCC would not permit Still to recover the "value of his shares." While that relief would be available if the shares were converted (as Count XX alleges), § 9504 permits Still to recover at most the difference between the value of his shares and the value of the outstanding debt. *See id.* § 9504(b). Because Counts XX and XXII fail to state a claim for relief under the UCC and seek relief that the UCC does not afford, they could not put a defendant on notice of a claim under the UCC.

■ Still next argues that Regulus consented to try the UCC claim. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed.R.Civ.P. 15(b). The parties' consent to try an issue is the sine qua non of a conforming amendment: " '[I]f the issue . . . has not been tried with the consent of the parties, then an amendment to conform to the pleadings [sic] will not be permitted *no matter when made.*' " *Douglas*, 50 F.3d at 1236 (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1494, at 53 (1990) (*Douglas* Court's emphasis)). In determining whether a party has implicitly consented to try an issue, the court should consider "whether the parties recognized that the unpleaded issue entered the case at trial, whether the evidence that supports the unpleaded issue was introduced at trial without objection, and whether a finding of trial by consent prejudiced the opposing party's opportunity to respond." *Id.* (internal quotation marks omitted).

The record reveals no evidence of express consent. In fact, Regulus vociferously objected to Still's attempts to inject the UCC issue into the proceedings. *See* 329a, 457a–58a, 521a, 524a–25a. Still argues that Regulus gave tacit consent by failing to object to testimony relevant to the UCC issue, but most of the testimony Still cites was also relevant to the conversion and wrongful seizure issues. *See* 431a, 487a, 528a–35a. Ambiguously relevant evidence cannot support a claim of consent; the other party may have acquiesced to the evidence only under the mistaken impression that it was being offered on the properly pled issue. *See Douglas*, 50 F.3d at 1236. Still identifies but one occasion on which Regulus failed to object to evidence that was relevant to the UCC claim alone. *See* 535a–37a (testimony regarding "the reasonableness of the

valuation formula"). In light of Regulus's many other objections, this isolated oversight cannot imply consent to try the UCC issue.

The record also reveals that Regulus would have been prejudiced by an untimely amendment. According to Regulus, it was denied an opportunity both to depose Still's expert on the issue of commercial reasonableness and to present its own expert. *See, e.g.*, 525a. The District Court agreed with Regulus, and Still's arguments to the contrary do not persuade us that this finding was clearly erroneous. We conclude that Regulus never consented to try the UCC issue and that Still was properly denied leave to amend his complaint to conform to the evidence. Since Still's UCC claim was never sufficiently pled, the District Court did not abuse its discretion in denying him a new trial on it.[2]

### III.

The foregoing analysis moots Still's remaining arguments. Since he cannot recover his pledged shares or their equivalent value, a finding that those shares were wrongfully diluted could not affect his rights. His motion to compel Regulus to produce certain documents is also moot because the resolution of his UCC claim removes the last issue on which evidence would be discoverable. After carefully considering Still's arguments, we can find no error in the District Court's orders. They are accordingly affirmed.

---

**2.** Because we conclude that the District Court acted within its discretion when it vacated its earlier order granting Still a new trial, we need not address whether the jury instructions on the UCC issue were plainly erroneous or whether either party would have been entitled to judgment as a matter of law on that issue.